**FREDERICK et, Plaintiffs v. BARTRUM, Defendant.**

Common Pleas Court, Wood County.

No. 29178.

Judge Maxwell of the Court of Common Pleas of Williams County, sitting by assignment.

**OPINION**

By MAXWELL, J.

The petition is an action to quiet title to a farm of 67.65 acres in this County. The defendant in his cross-petition alleges that he is the owner of said real estate by virtue of his purchase thereof at an auction sale conducted by the plaintiffs on the 16th day of September, 1942. The defendant seeks specific performance and prays that he be awarded a deed to the farm. The reply of the plaintiffs contains a general denial and sets up the Statute of Frauds as a defense.

A demurrer to the cross-petition was overruled and trial was had to the Court.

It is admitted that the plaintiffs were the owners and entitled to the possession of said premises on and before the date of said auction sale.

The material allegations of the cross-petition are, in substance, as follows:

1. That in August, 1942 at a meeting of the plaintiffs it was agreed that Harry B. Frederick was to represent all of the plaintiffs in the matter of the disposal of this land, and that

appropriate Powers of Attorney were duly executed to carry out this purpose.

2. That a number of letters were written by Harry · B. Frederick to his agent, Mr. Schwyn, instructing him as to the proposed auction sale.

3. That the plaintiffs advertised in various newspapers that the premises would be offered for sale at auction on September 16, 1942, and that the following is a copy of said advertisement:

"Byron Frederick Farm for Sale

67½ Acres. Will be sold at auction September 16, 1942 at 2:00 P. M. Located 3½ miles East of Cygnet, Wood County, Ohio and Dixie Highway, Route No. 25. All cultivatable black and mixed soil—great part of it drained. Good barn with granaries. Two wells. Eight room house. Good paint on all buildings. Numerous household furniture and articles will be sold at auction at the same time. Reasonable terms will be provided. This property is being sold to settle an estate. An abstract of title will be furnished to purchaser. For further information write, wire or call

Dr. Harry B. Frederick, Sandusky, Ohio."

4. That the said Harry B. Frederick, who was acting for himself and as agent for the other plaintiffs, was present at said sale with his attorney and that the said attorney was in possession of an abstract for said farm.

5. That said attorney before the sale was started delivered to the auctioneer a deed for this land which deed was already signed and executed by all of the plaintiffs and that the deed was in the possession of the auctioneer before the time of the sale and during the sale.

6. That the defendant appeared at the sale which was handled by Mr. Clarence Marsh, as auctioneer, and that the auctioneer announced that the real estate was to be sold to the highest bidder, and that the defendant bid therefor the sum of $4500.00 which was the highest bid made therefor, and which bid was accepted by the auctioneer and the auctioneer thereupon announced and declared that the real estate was sold to the defendant.

7. That after said sale the defendant offered to make a down payment on said farm but that it was arranged between Harry B. Frederick, his attorney, and the defendant that they

would meet at the Cygnet Savings Bank on the following morning to close the deal.

8. That on the day of said sale, and after the said sale was consummated, the plaintiff, Harry B. Frederick, delivered to this defendant the key to the house located on the farm and asked permission of this defendant to leave various articles belonging to the said Harry B. Frederick in said house until such time as it would be convenient for the said Harry B. Frederick to remove the same, and that this permission was granted by the defendant; and that in the spring of 1943 this defendant planted crops and has exercised control of this farm as a consequence of said sale.

9. That the defendant is ready, willing and able to pay the full purchase price of $4500.00, and that the plaintiffs have refused to furnish a deed for the property.

The Court finds that the material allegations numbered 1, 2, 3, 4, 6, 7, and 9 have been proven.

The Court further finds that the material and necessary allegations numbered 5 and 8 have not been proven in whole or in part.

The defendant Bartrum had been a tenant of these premises for several years and the conflicting testimony relating to the key and the possession is reconcilable with and referable to his tenancy and caretaking rather than to the sale.

The writings relied upon by the defendant are not memorandum of a sale. At best they are but evidence of a plan and intent to offer for sale.

The plaintiffs have chosen to raise the Statute of Frauds as a defense to the cross-petition. No Ohio authority has been cited holding that auction sales are excepted from the Statute.

The cross-petitioner has failed to prove that the Statute has been complied with or that facts exist which avoid its operation. The Statute of Frauds is a legislative act which must be given effect by the Courts albeit sometimes reluctantly.

The defendant having failed to prove the aforementioned material and necessary allegations of his cross-petition, specific performance is denied. The Court finds the allegations of the petition to be true and that the plaintiffs are entitled to have their title quieted as prayed for.

A Journal Entry may be prepared in accordance with this Opinion and the previous orders of the Court relating to the Receiver.